IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON RENAE SHERIDAN,

    Petitioner,

v.                                                                     Civ. No. 22-CV-487-JB-JFR

ANGIE SNYDER, *et al*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Petitioner Jason Renae Sheridan's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Having reviewed the matter *sua sponte*, the Court will require Sheridan to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

**I.  BACKGROUND**[1]

In January 2022, a state court jury found Sheridan guilty of possession of a controlled substance and resisting, evading, or obstructing an officer. *See State of New Mexico v. Jason R. Sheridan*, D-1215-CR-2019-00270, Judgment and Sentence (4/7/2022). The jury acquitted Sheridan of an additional charge of use or possession of drug paraphernalia. *Id.* The state court sentenced Sheridan to one year of imprisonment, followed by a term of supervised probation. *Id.*

Sheridan filed a notice of appeal in the New Mexico Court of Appeals on May 5, 2022. *See State v. Sheridan*, A-1-CA-40528, Notice of Appeal (5/5/2022). After several court-approved

---

[1] The background facts are taken from the Petition and Sheridan's state criminal dockets, Case Nos. D-1215-CR-2019-00270 and A-1-CA-40528, which are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

extensions, Sheridan filed his opening appellate brief on November 2, 2022. *Id.*, Brief in Chief, (11/2/2022). The state filed its answer brief on February 6, 2023. *Id.*, Answer Brief (2/6/2023). Sheridan filed his reply brief on March 20, 2023. *Id.*, Reply Brief (3/20/2023). The appeal is currently pending.

Sheridan filed the instant Petition on July 1, 2022, after he filed his notice of appeal in the New Mexico Court of Appeals, but before he filed his opening appellate brief. He seeks relief under 28 U.S.C. § 2254, arguing, inter alia, that the underlying search and arrest violated his Fourth Amendment rights as a basis for challenging the constitutionality of his convictions (Doc. 1 at 7-10). As part of the initial habeas review, the Court considers whether Sheridan exhausted state remedies.

## II. ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion

of state remedies…may be raised by a court *sua sponte*.").

The Petition clearly reflects that Sheridan has not presented his federal claim to the New Mexico Supreme Court. Sheridan acknowledges that his appeal to the New Mexico Court of Appeals is presently pending. (Doc. 1 at 9). The state court dockets confirm this and show that Sheridan filed the § 2254 Petition shortly he filed a notice of appeal in the New Mexico Court of Appeals. *Compare* A-1-CA-40528, Notice of Appeal (5/5/2022) *with* Doc. 1. Sheridan has therefore not met the federal exhaustion requirement.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that **within thirty days** of the entry of this Memorandum Opinion and Order, Sheridan shall show cause in writing as to why any § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

**SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE