IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON RENAE SHERIDAN,

    Petitioner,

vs.                                                                                              No. CIV 22-0487 JB/JFR

ANGIE SNYDER and HECTOR BALDERAS,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed July 1, 2022 (Doc. 1)("Petition"). Having reviewed the Petition and the State criminal dockets,[1] the Court concludes that Petitioner Jason Renae Sheridan has not presented his federal claim to the Supreme

---

[1]Sheridan's State criminal dockets, State of New Mexico v. Sheridan, No. D-1215-CR-2019-00270, and State v. Sheridan, No. A-1-CA-40528, are subject to judicial notice. See Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(stating that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [State] motion was filed").

      Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Mitchell v. Dowling has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Court of New Mexico, which is a prerequisite to obtaining relief under 28 U.S.C. § 2254. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(stating that "[a] habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254.")(citing Coleman v. Thompson, 501 U.S. 722, 731 (1991), Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992), Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). In fact, Sheridan acknowledges in the Petition that his appeal to the Court of Appeals of New Mexico is pending. See Petition at 7-9. The State court dockets confirm this procedural posture and show that Sheridan filed the Petition shortly after he filed a Notice of Appeal before the Court of Appeals of New Mexico. See Notice of Appeal, State v. Sheridan, No. A-1-CA-40528 (N.M. Ct. App. May 6, 2022); Petition at 1-22.

   Based on the foregoing, the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered a Memorandum Opinion and Order on April 11, 2022 (Doc. 9)("Show Cause MOO"), requiring Sheridan to show cause why the Court should not dismiss the Petition for failure to exhaust State remedies. See Show Cause MOO at 3. Sheridan responded to the Show Cause MOO by filing a Motion on April 18, 2023 (Doc. 11), asserting that his State appeal had been denied and therefore he had exhausted his State remedies. See Motion at 1. Sheridan filed subsequently a Motion to Withdraw[], filed May 4, 2023 (Doc. 13)("Motion to Withdraw"), clarifying that his State appeal still is pending and moving to withdraw his earlier Motion, effectively acknowledging that he has not exhausted State remedies. See Motion to Withdraw at 1.

   For the reasons set forth in Magistrate Judge Robbenhaar's Show Cause MOO, and based

on Sheridan's Motion to Withdraw, which acknowledges that his State appeal remains pending, the Court will dismiss this matter without prejudice for failure to exhaust State remedies. The Court will deny a certificate of appealability under rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, because Sheridan's failure to exhaust State remedies is not reasonably debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(concluding that a certificate of appealability can issue only in a habeas proceeding where the petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed July 1, 2022 (Doc. 1), is dismissed without prejudice; (ii) a certificate of appealability is denied; (iii) the Petitioner's Motion to Withdraw[], filed May 4, 2023 (Doc. 13), is granted; and (iv) the Petitioner's Motion, filed April 18, 2023 (Doc. 11), is withdrawn.

                                                                                                  _____
                                                                                                  UNITED STATES DISTRICT JUDGE

Parties:

Jason Renae Sheridan
Grants, New Mexico

        *Petitioner pro se*